N. CHRISTENSEN v. THE STATE.

No. 577.   Decided May 11, 1910.

**Drunkenness in Public Place—Charge of Court—County Attorney.**

Upon trial of drunkenness in a public place, where the jury returned into open court for additional instructions from the court, it was reversible error to permit the county attorney to insert in the charge of the court additional instructions to the jury; as he had no authority of law to do so. The court alone can charge the jury under the law.

Appeal from the County Court of Hall.   Tried below before the Honorable T. R. Phillips.

Appeal from a conviction of drunkenness in a public place; penalty, a fine of $1.

The opinion states the case.

*Stovall Johnson,* for appellant.—Cited authorities in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was indicted and tried in the County Court of Hall County upon the charge of being drunk and being found in a state of intoxication in a certain public place, to wit: a public street in the city of Memphis, Texas.   His trial resulted in a conviction with a fine of $1.

We find in the record the following bill of exceptions: Be it remembered that on trial of the above entitled and numbered cause, there came on to be heard the following proceedings, to wit: After the jury had retired, the jury came into open court and in substance informed the court that there was no evidence upon which to find the defendant guilty of getting drunk in a public place by the immoderate use of spirituous, vinous or malt liquors and asks the court what they should do, and the county attorney then and there inserted the words in the third paragraph of the charge of the court: "Or be found in a state of intoxication in any public place," and in the fourth paragraph of the said charge, the following words, to wit: "Or was found in a state of intoxication," and that after said change was made the said charge was not read to the jury by the court nor by any one else, but was handed back to the jury.   They then retired and brought in a verdict of guilty.   This bill of exceptions was allowed without any qualification by the judge and as presented to us it shows an unauthorized and unwarranted act upon the part of the county attorney.   The county attorney had no authority to insert in the charge of the court any additional instructions.   This can not be construed in any sense to be the act of the court.   For the purpose of a trial, the county attorney had no more authority to write into the charge

other matters than would an entire stranger. The jury receives the law from the court and must be governed thereby. This court can not afford to give its countenance to such irregularities, as is manifest from this record. Article 718, Code Criminal Procedure, provides: "The general charge given by the court, as well as those given or refused at the request of either party, shall be certified by the judge and filed among the papers in the cause, and shall constitute a part of the record of the cause." Article 721, Code Criminal Procedure, provides: "When charges are asked the judge shall read to the jury only such as he gives." Article 720 provides: "No verbal charge shall be given in any case whatever, except in cases of misdemeanor, and then only by consent of the parties." Article 714 provides: "The jury are the exclusive judges of the facts in every criminal cause, but not of the law in any case. They are bound to receive the law from the court and be governed thereby." The law has wisely laid down forms and methods of procedure in the trial of cases and this court can not sanction such a departure as is shown by the record in this case, and it is no answer to say that no injustice was done the appellant. To try a party in a way not authorized by law is no trial at all.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*